UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Nos. 19-103(3) (MJD)

UNITED STATES OF AMERICA,

                Plaintiff,

                v.

KEVIN GREEN,

                Defendant.

**GOVERNMENT'S MOTION
TO DISMISS DEFENDANT'S
MOTION FOR NEW TRIAL**

The United States of America, by its attorneys Daniel N. Rosen, United States Attorney for the District of Minnesota, and Katharine T. Buzicky, Assistant United States Attorney, moves the Court to dismiss Kevin Green's untimely motion for a new trial under Federal Rule of Criminal Procedure 33. Doc. No. 714.

## Summary Factual and Procedural Background

The facts of this case are well known to the Court, having presided over trial and sentencing. In 2018 and 2019, Green and his co-defendants Anthony Abari and Relondo Hall were members of a narcotics conspiracy. Abari introduced Hall to Green. Trial Tr.("Tr.") 327-28. Green supplied heroin to Abari and Hall, who sold it. Tr. 325. Abari and Hall stopped working with Green in March 2019, but Green continued his illegal activities. In July 2019, police searched the home of Green's girlfriend, where they seized heroin and drug-dealing supplies. Tr. 833-842, 858, 864.

Green, Hall, and Abari were charged in this District in April 2019 with a variety of drug and firearm offenses. Doc. No. 250. Hall pleaded guilty and decided to cooperate with the government. Abari and Green proceeded to trial in January 2022. Hall was a key government witness at the trial. On January 21, 2022, the jury convicted Green of conspiring to distribute 400 grams or more of mixtures or substances containing fentanyl and heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and possession with intent to distribute 40 grams or more of a mixture and substance containing fentanyl and heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Doc. Nos. 459, 469.

Green appealed, and the Eighth Circuit affirmed his conviction. *United States v. Green,* 83 F.4th 696 (8th Cir. 2023). Green then filed a motion to vacate his conviction under 28 U.S.C. § 2255, which this Court denied without a hearing. Doc. Nos. 672, 705.

## The Motion for a New Trial

On December 15, 2025, Green filed the instant motion.[1] Doc. No. 714. He seeks a new trial because, he claims, Hall has recanted his trial testimony and

---

[1] Under the prison mailbox rule, "a pro se pleading is deemed filed upon deposit in the prison mail system." *United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006). Green's motion contains various dates, but the government adopts December 15, 2025, as the date of filing because it appears to be the date Green deposited his motion in the mail. *See* Doc. No. 714-4 at 1 (handwritten notation stating "legal mail sent out 12/15/25" and signed by Green).

"stated his lawyer made him lie on Mr. Green." *Id.* at 4. Green seeks a new trial under Federal Rule of Criminal Procedure 33(a), 33(b)(1), and 33(b)(2), and asks for an evidentiary hearing. *Id.*

In support of the motion, Green filed what appears be Facebook Messenger communications between two individuals. Doc. No. 714-1. Green identifies one participant in the chat as his mother and the other, whose online handle starts with "Demarquez Payme," as Hall. *Id.* The messages were sent between January 6 and 22, 2024. *Id.* In one message, "Demarquez Payme" states his "lawyer force[d] [him] to say the stuff that [he] said," and discusses sending letters to the Court regarding his testimony. *Id.* at 1. The participants in the chat also discuss preparing what appears to be an affidavit, and the person identified as Green's mother encourages "Demarquez Payme" to submit it. *Id.* at 1-4.

Green submitted his own affidavit explaining the Facebook Messenger chat, which he states is "new information [that] shows Mr. Hall was lying to the government and lied to the jury." *Id.* at 5. He also attached various court filings from the case, including annotated excerpts of the trial transcript and text messages extracted from cell phones seized during the investigation. *Id.* at 7-110; Doc. No. 714-2; Doc. No. 714-4.

## Argument

Rule 33 permits a court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).  If the motion for a new trial is based on a claim of newly discovered evidence, it "must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2).

The Court should dismiss Green's motion as time-barred. The timeliness requirements in Rule 33 are mandatory claim-processing rules and must be enforced if a party "properly raise[s]" them. *Eberhart v. United States*, 546 U.S. 12, 19 (2005) (holding that Fed. R. Crim. P. 33 is a nonjurisdictional but mandatory claim-processing rule). The government raises the rule here. *Id.*

In Green's case, the jury rendered its verdict on January 21, 2022. Doc. Nos. 459, 469. Under Rule 33(b)(1), Green had three years to seek a new trial based on newly discovered evidence and 14 days under Rule 33(b)(2) to seek a new trial for any other reason. Green filed his motion on December 15, 2025, about eleven months after the deadline set forth in Rule 33(b)(1) and about 47 months after the deadline specified in Rule 33(b)(2). The Court should therefore dismiss it as untimely.

The sole exception to the timeliness requirements of Rule 33, excusable neglect, does not apply here. Federal Rule of Criminal Procedure 45(b)(1)(B) states that a court may extend the time for filing a motion for new trial under if it is clear that excusable neglect caused the untimeliness of the filing in question. *United States v. Boesen*, 599 F.3d 874, 879 (8th Cir. 2010). The Supreme Court established four factors for evaluating the validity of late filings premised on excusable neglect: (1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on the judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993). Green does not invoke excusable neglect in support of his motion and fails to provide the Court with any explanation for his lengthy delay in filing. The Court therefore has no ability to analyze the *Pioneer* factors and no reason to apply Rule 45(b)(1)(B) to his untimely motion.

Even if Green's motion were timely, it would fail on the merits. "Motions for a new trial based on newly discovered evidence are disfavored." *United States v. Dogskin*, 265 F.3d 682, 685 (8th Cir. 2001) (citation omitted). Courts can only grant them when (1) the evidence was discovered after trial; (2) the failure to discover the evidence is not attributable to a lack of due diligence on the part of the movant; (3) the evidence is more than merely cumulative or

impeaching; (4) the evidence is material; and (5) the evidence is likely to produce an acquittal if a new trial is granted. *United States v. Duke*, 255 F.3d 656, 659 (8th Cir. 2001).

Green cannot meet that demanding standard. First, most of the items Green proffers consist of docket filings, annotated versions of the trial transcript, and similar documents. Doc. No. 714-1 at 7-110; Doc. No. 714-2; Doc. No. 714-4. None of that material is new, and none of it was "discovered after trial." The Court can easily disregard it.

The only truly "new" item Green submits is the Facebook Messenger chat. Green asks the Court to grant a new trial based on "Demarquez Payme's" statement in the chats that his attorney forced him to lie on the stand. It should not. Courts "look on recantation with suspicion." *Dogskin*, 265 F.3d at 685 (quotation omitted). The witness's "recantation must be powerful and unambiguous evidence of the defendant's innocence to justify overturning a conviction that has become final." *Id.* at 685-86. The Facebook Messenger chats are nowhere near sufficient to meet that high standard. Most obviously, there is no proof "Demarquez Payme" is Hall. Even if he were, the admission that he lied vague, at best. There is no detail about the subject matter of the supposed lies, let alone "powerful and unambiguous evidence" of Green's innocence.

Moreover, Green cannot show the chats would produce an acquittal. The chats themselves would be inadmissible hearsay if offered at trial. *United*

*States v. Delgrosso*, 852 F.3d 821, 826 (8th Cir. 2017). Green's prospects would not improve if Hall *is* "Demarquez Payme" and took the stand. *Id.* "When the claim of newly discovered evidence is based on a recantation, the district court must first determine whether the recantation is credible." *United States v. Rouse*, 410 F.3d 1005, 1009 (8th Cir. 2005). The inquiry does not turn on whether a judge believes the recantation, but "how likely the district judge thought a jury at a second trial would be to believe it." *Id.* (quoting *United States v. Grey Bear*, 116 F.3d 349, 350 (8th Cir. 1997)). A jury would be unlikely to believe Hall's belated claims that his lawyer forced him to lie. For all these reasons, even if Green had filed timely, his motion for a new trial would fail.

## Conclusion

For all the foregoing reasons, the Court should dismiss Green's motion for a new trial as time barred.

Dated: January 27, 2026

Respectfully submitted,

DANIEL N. ROSEN
United States Attorney

*s/ Katharine T. Buzicky*

By: KATHARINE T. BUZICKY
Assistant U.S. Attorney
Attorney ID No. 671031MA

7